JUDGE OWEN

87 CIV 0748

DOC #

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION,        )
                                 )
                 Plaintiff,      )        Civil Action No.
        v.                       )
                                 )
UNION CARBIDE CORPORATION,       )
                                 )
                 Defendant.      )
                                 )

## COMPLAINT

1.    Plaintiff, the Federal Trade Commission, by
its undersigned attorneys designated by it, brings this
action under Sections 16(a)(1) and 5(1) of the Federal
Trade Commission Act, as amended, 15 U.S.C. §§56(a)(1)
and 45(1), for civil penalties, injunctive relief and
for such other equitable relief as the court deems
appropriate, for violations of a final order to cease
and desist issued by the Federal Trade Commission.

## JURISDICTION AND VENUE

2.    This court has subject matter jurisdiction
pursuant to 28 U.S.C. §§1337, 1345, 1355, and 15 U.S.C.
§45(1).

3.    Defendant, Union Carbide Corporation, is a corporation organized and existing under the laws of the state of New York.  Defendant's corporate headquarters are located at Old Ridgebury Road, Danbury, Connecticut 06817.  Venue in the Southern District of New York is based upon 28 U.S.C. §§1391(b) and (c) and 1395(a).

4.    Defendant, Union Carbide Corporation, is one of the largest industrial companies in the United States.  It is engaged in the manufacture, distribution, and sale of petrochemicals, industrial gases, metal and carbon products, and technology services and specialty products.  Its Linde Division is a leading domestic producer of industrial gases.

5.    Defendant is and has been at all times pertinent to this proceeding engaged in commerce as "commerce" is defined in the Federal Trade Commission Act, as amended, 15 U.S.C. §44.

### FEDERAL TRADE COMMISSION ORDER

6.    On September 28, 1977, in a proceeding entitled "In the Matter of Union Carbide Corporation," FTC Docket No. C-2902, the Federal Trade Commission issued a complaint charging Union Carbide Corporation

with violating Section 5 of the Federal Trade
Commission Act, 15 U.S.C. §45, and Sections 3 and 7 of
the Clayton Act, 15 U.S.C. §§14 and 18.  By decision
and order of the same date, entered pursuant to the
agreement of the defendant, the Commission issued its
order to cease and desist ("Order").  A copy of said
Order is attached hereto and made a part hereof.

7.    Paragraph I of the Order provides in part:

It is ordered and directed, That for a
period of twenty (20) years from the date of
service of this Order, respondent Union
Carbide Corporation (hereinafter Union
Carbide), its subsidiaries, divisions,
affiliates, successors, and assigns, in
connection with the distribution, offering for
sale, or sale of Industrial Gases or Welding
Products to Distributors in which it owns less
than a majority interest, shall:

A.  Not offer, renew, extend or enter
into any contracts or agreements, or enforce
directly or indirectly those provisions of any
contract or agreement, which require any
Distributor:

1. to purchase from Union Carbide all or any part of its requirements of any Industrial Gas unless (a) the initial term of such contract or agreement is one year or less, and (b) such contract or agreement may be terminated by either party effective on any anniversary date upon written notice given some minimum period in advance of such date as set forth in such contract, such minimum period to be not more than ninety (90) days;

8.   The order of the Federal Trade Commission was duly served upon the defendant and became final on October 18, 1977.  The order has not at any time been modified or set aside in any manner relevant hereto, and is now and has been at all times since October 18, 1977 in full force and effect.

FTC ORDER VIOLATIONS

COUNT I

9.   The allegations contained in Paragraphs 1 through 8, inclusive, are repeated and realleged as though fully set forth herein.

10.   Defendant has violated and is violating Paragraph I.A.1 of the Order by offering to and entering with Post Welding Supply Co., Box 10763, Birmingham, Alabama 35202, a contract or agreement for the purchase and sale of acetylene that did not both have an initial term of one year or less and allow either party to terminate such contract or agreement annually upon giving no more than ninety days written notice.   The contract or agreement was effective on or about August 1, 1980, and has continued in effect until the present time.

COUNT II

11.  The allegations contained in Paragraphs 1 through 8, inclusive, are repeated and realleged as though fully set forth herein.

12.  Defendant has violated Paragraph I.A.1 of the Order by offering to and entering with Capital Welding Supply Company, 900 E. Second Street, Little Rock, Arkansas 77201, a contract or agreement for the purchase and sale of oxygen, nitrogen, argon, and acetylene that did not both have an initial term of one year or less and allow either party to terminate such contract or agreement annually upon giving no more than ninety days written notice.  The contract or agreement was effective on or about August 1, 1981, and continued in effect until July, 1984.

COUNT III

13.   The allegations contained in Paragraphs 1
through 8, inclusive, are repeated and realleged as
though fully set forth herein.

14.   Defendant has violated and is violating
Paragraph I.A.1 of the Order by offering to and
entering with The Jimmie Jones Company, 31 North
Peoria, Tulsa, Oklahoma 74120, a contract or agreement
for the purchase and sale of acetylene that did not
both have an initial term of one year or less and allow
either party to terminate such contract or agreement
annually upon giving no more than ninety days written
notice.   The contract or agreement was effective on or
about October 1, 1981, and has continued in effect
until the present time.

COUNT IV

15.  The allegations contained in Paragraphs 1 through 8, inclusive, are repeated and realleged as though fully set forth herein.

16.  Defendant has violated and is violating Paragraph I.A.1 of the Order by offering to and entering with Burnidge Welding Supply, Inc., Rural Route 1, Box 26B, Pittsburg, Kansas 66762, a contract or agreement for the purchase and sale of argon that did not both have an initial term of one year or less and allow either party to terminate such contract or agreement annually upon giving no more than ninety days written notice.  The contract or agreement was effective on or about January 1, 1983, and has continued in effect until the present time.

COUNT V

17.   The allegations contained in Paragraphs 1 through 8, inclusive, are repeated and realleged as though fully set forth herein.

18.   Defendant has violated and is violating Paragraph I.A.1. of the Order by offering to and entering with The Jimmie Jones Company, 31 North Peoria, Tulsa, Oklahoma 74120, a contract or agreement for the purchase and sale of argon that did not both have an initial term of one year or less and allow either party to terminate such contract or agreement annually upon giving no more than ninety days written notice.  The contract or agreement was effective on or about January 1, 1982 and has continued in effect until the present time.

COUNT VI

19.  The allegations contained in Paragraphs 1 through 8, inclusive, are repeated and realleged as though fully set forth herein.

20.  Defendant has violated Paragraph I.A.1 of the Order by offering to and entering with AAA Cylinder Gases, Inc., 910 South Roach St., Jackson, Mississippi 39207, a contract or agreement for the purchase and sale of acetylene that did not both have an initial term of one year or less and allow either party to terminate such contract or agreement annually upon giving no more than ninety days written notice.  The contract or agreement was effective on or about February 1, 1983, and continued in effect until January 31, 1986.

COUNT VII


21.   The allegations contained in Paragraphs 1 through 8, inclusive, are repeated and realleged as though fully set forth herein.


22.   Defendant has violated and is violating Paragraph I.A.1 of the Order by offering to and entering with Burnidge Welding Supply, Inc., Rural Route 1, Box 26B, Pittsburg, Kansas 66762, a contract or agreement for the purchase and sale of acetylene that did not both have an initial term of one year or less and allow either party to terminate such contract or agreement annually upon giving no more than ninety days written notice.  The contract or agreement was effective on or about July 1, 1983, and has continued in effect until the present time.

COUNT VIII

23.  The allegations contained in Paragraphs 1 through 8, inclusive, are repeated and realleged as though fully set forth herein.

24.  Defendant has violated and is violating Paragraph I.A.1 of the Order by offering to and entering with Genesee Welding Supply, Inc., G-3312 South Dort Highway, Burton, Michigan 48529, a contract or agreement for the purchase and sale of nitrogen, argon, and acetylene that did not both have an initial term of one year or less and allow either party to terminate such contract or agreement annually upon giving no more than ninety days written notice.  The contract or agreement was effective on or about July 1, 1983, and has continued in effect until the present time.

COUNT IX

25.  The allegations contained in Paragraphs 1
through 8, inclusive, are repeated and realleged as
though fully set forth herein.

26.  Defendant has violated and is violating
Paragraph I.A.1 of the Order by offering to and
entering with Coastal Welding Supply, Box 3029,
Beaumont, Texas 77704, a contract or agreement for the
purchase and sale of acetylene that did not both have
an initial term of one year or less and allow either
party to terminate such contract or agreement annually
upon giving no more than ninety days written notice.
The contract or agreement was effective on or about
July 21, 1983, and has continued in effect until the
present time.

COUNT X

27.  The allegations contained in Paragraphs 1 through 8, inclusive, are repeated and realleged as though fully set forth herein.

28.  Defendant has violated and is violating Paragraph I.A.1 of the Order by offering to and entering with Mineweld Company of Indiana, Inc., 5430 West Morris Street, Indianapolis, Indiana 46241, a contract or agreement for the purchase and sale of acetylene that did not both have an initial term of one year or less and allow either party to terminate such contract or agreement annually upon giving no more than ninety days written notice.  The contract or agreement was effective on or about August 1, 1983, and has continued in effect until the present time.

COUNT XI

29.  The allegations contained in Paragraphs 1
through 8, inclusive, are repeated and realleged as
though fully set forth herein.

30.  Defendant has violated Paragraph I.A.1 of the
Order by offering to and entering with Newkirk Sales
Co., 306 Thorson, Waterloo, Iowa 50704, a contract or
agreement for the purchase and sale of acetylene that
did not both have an initial term of one year or less
and allow either party to terminate such contract or
agreement annually upon giving no more than ninety days
written notice.  The contract or agreement was
effective on or about August 1, 1983, and continued in
effect until October, 1985.

COUNT XII

31.  The allegations contained in Paragraphs 1 through 8, inclusive, are repeated and realleged as though fully set forth herein.

32.  Defendant has violated and is violating Paragraph I.A.1 of the Order by offering to and entering with Louisiana Welding Supply Co., 1931 Plank Road, Baton Rouge, Louisiana 70802, a contract or agreement for the purchase and sale of oxygen, nitrogen, argon, and acetylene that did not both have an initial term of one year or less and allow either party to terminate such contract or agreement annually upon giving no more than ninety days written notice. The contract or agreement was effective on or about July 1, 1983, and has continued in effect until the present time.

COUNT XIII

33.  The allegations contained in Paragraphs 1 through 8, inclusive, are repeated and realleged as though fully set forth herein.

34.  Defendant has violated and is violating Paragraph I.A.1 of the Order by offering to and entering with Illini Welding Supplies, Inc., 2100 North 8th Street, Pekin, Illinois 61554, a contract or agreement for the purchase and sale of acetylene that did not both have an initial term of one year or less and allow either party to terminate such contract or agreement annually upon giving no more than ninety days written notice.  The contract or agreement was effective on or about October 1, 1983, and has continued in effect until the present time.

COUNT XIV

35.  The allegations contained in Paragraphs 1 through 8, inclusive, are repeated and realleged as though fully set forth herein.

36.  Defendant has violated Paragraph I.A.1 of the Order by offering to and entering with R&R Welding Supply Co., 1700 Second Avenue, Des Moines, Iowa 50301, a contract or agreement for the purchase and sale of acetylene that did not both have an initial term of one year or less and allow either party to terminate such contract or agreement annually upon giving no more than ninety days written notice.  The contract or agreement was effective on or about October 1, 1983, and continued in effect until June 1, 1985.

COUNT XV

37.   The allegations contained in Paragraphs 1
through 8, inclusive, are repeated and realleged as
though fully set forth herein.


38.   Defendant has violated and is violating
Paragraph I.A.1 of the Order by offering to and
entering with Red Ball Oxygen Co., Inc., 609 N. Market
St., Shreveport, Louisiana 71107, a contract or
agreement for the purchase and sale of acetylene that
did not both have an initial term of one year or less
and allow either party to terminate such contract or
agreement annually upon giving no more than ninety days
written notice.  The contract or agreement was
effective on or about October 1, 1983, and has
continued in effect until the present time.

COUNT XVI

39.  The allegations contained in Paragraphs 1 through 8, inclusive, are repeated and realleged as though fully set forth herein.

40.  Defendant has violated Paragraph I.A.1 of the Order by offering to and entering with United Welding Supply Company, 24 River Street, Amsterdam, New York 12010, a contract or agreement for the purchase and sale of oxygen, nitrogen, argon, and acetylene that did not both have an initial term of one year or less and allow either party to terminate such contract or agreement annually upon giving no more than ninety days written notice.  The contract or agreement was effective on or about October 1, 1983 and continued in effect until on or about March 1, 1985.

COUNT XVII

41.  The allegations contained in Paragraphs 1 through 8, inclusive, are repeated and realleged as though fully set forth herein.

42.  Defendant has violated and is violating Paragraph I.A.1 of the Order by offering to and entering with Alamo Welding Supply Co., 1735 South Alamo, San Antonio, Texas 78204, a contract or agreement for the purchase and sale of acetylene that did not both have an initial term of one year or less and allow either party to terminate such contract or agreement annually upon giving no more than ninety days written notice.  The contract or agreement was effective on or about January 1, 1984, and has continued in effect until the present time.

COUNT XVIII

43.  The allegations contained in Paragraphs 1 through 8, inclusive, are repeated and realleged as though fully set forth herein.

44.  Defendant has violated and is violating Paragraph I.A.1 of the Order by offering to and entering with Welders Needs, Inc., 1219 Expressway Drive, North, Toledo, Ohio 43608, a contract or agreement for the purchase and sale of acetylene, nitrogen, argon, and helium that did not both have an initial term of one year or less and allow either party to terminate such contract or agreement annually upon giving no more than ninety days written notice.  The contract or agreement was effective on or about January 4, 1984, and has continued in effect until the present time.

COUNT XIX

45.  The allegations contained in Paragraphs 1
through 8, inclusive, are repeated and realleged as
though fully set forth herein.

46.  Defendant has violated and is violating
Paragraph I.A.1 of the Order by offering to and
entering with Guttman Welding Supply Co., 200 Speers
Rd., Belle Vernon, Pennsylvania 15012, a contract or
agreement for the purchase and sale of acetylene that
did not both have an initial term of one year or less
and allow either party to terminate such contract or
agreement annually upon giving no more than ninety days
written notice.  The contract or agreement was
effective on or about February 1, 1984, and has
continued in effect until the present time.

COUNT XX

47.  The allegations contained in Paragraphs 1 through 8, inclusive, are repeated and realleged as though fully set forth herein.

48.  Defendant has violated and is violating Paragraph I.A.1 of the Order by offering to and entering with Greene Welding Supply, 2707 Newcombe Street, Monroe, Louisiana 71201, a contract or agreement for the purchase and sale of acetylene that did not both have an initial term of one year or less and allow either party to terminate such contract or agreement annually upon giving no more than ninety days written notice.  The contract or agreement was effective on or about June 1, 1984, and has continued in effect until the present time.

COUNT XXI

49.   The allegations contained in Paragraphs 1 through 8, inclusive, are repeated and realleged as though fully set forth herein.

50.   Defendant has violated and is violating Paragraph I.A.1 of the Order by offering to and entering with Wilson Oxygen Company, 150 E. Ben White Blvd., Austin, Texas 78704, a contract or agreement for the purchase and sale of argon that did not both have an initial term of one year or less and allow either party to terminate such contract or agreement annually upon giving no more than ninety days written notice. The contract or agreement was effective on or about June 1, 1984, and has continued in effect until the present time.

COUNT XXII

51.  The allegations contained in Paragraphs 1 through 8, inclusive, are repeated and realleged as though fully set forth herein.

52.  Defendant has violated and is violating Paragraph I.A.1 of the Order by offering to and entering with Grand Rapids Welding Supply Co., 1225 Buchanan Avenue, S.W., Grand Rapids, Michigan 49507, a contract or agreement for the purchase and sale of argon that did not both have an initial term of one year or less and allow either party to terminate such contract or agreement annually upon giving no more than ninety days written notice.  The contract or agreement was effective on or about July 1, 1984, and has continued in effect until the present time.

COUNT XXIII

53.  The allegations contained in Paragraphs 1 through 8, inclusive, are repeated and realleged as though fully set forth herein.

54.  Defendant has violated and is violating Paragraph I.A.1 of the Order by offering to and entering with Standard Welders Supply Co., 363 Walnut Street, Memphis, Tennessee 38101, a contract or agreement for the purchase and sale of acetylene that did not both have an initial term of one year or less and allow either party to terminate such contract or agreement annually upon giving no more than ninety days written notice.  The contract or agreement was effective on or about July 1, 1984, and has continued in effect until the present time.

COUNT XXIV

55.  The allegations contained in Paragraphs 1 through 8, inclusive, are repeated and realleged as though fully set forth herein.

56.  Defendant has violated and is violating Paragraph I.A.1 of the Order by offering to and entering with Bennett Welding Supply Corporation, 9200 Gage Avenue, Franklin Park, Illinois 60131, a contract or agreement for the purchase and sale of acetylene that did not both have an initial term of one year or less and allow either party to terminate such contract or agreement annually upon giving no more than ninety days written notice.  The contract or agreement was effective on or about October 1, 1984, and has continued in effect until the present time.

COUNT XXV

57.   The allegations contained in Paragraphs 1 through 8, inclusive, are repeated and realleged as though fully set forth herein.

58.   Defendant has violated and is violating Paragraph I.A.1 of the Order by offering to and entering with United Welding Supply Company, 24 River Street, Amsterdam, New York 12010, a contract or agreement for the purchase and sale of oxygen, nitrogen, argon, and acetylene that did not both have an initial term of one year or less and allow either party to terminate such contract or agreement annually upon giving no more than ninety days written notice. The contract or agreement was effective on or about March 1, 1985, and has continued in effect until the present time.

COUNT XXVI

59.  The allegations contained in Paragraphs 1
through 8, inclusive, are repeated and realleged as
though fully set forth herein.


60.  Defendant has violated Paragraph I.A.1 of the
Order by offering to Lake Welding Supply Company, 363
Ottawa Street, Muskegon, Michigan 49443, a contract or
agreement for the purchase and sale of acetylene that
did not both have an initial term of one year or less
and allow either party to terminate such contract or
agreement annually upon giving no more than ninety days
written notice.  The contract or agreement was offered
in or about 1982.

COUNT XXVII

61.  The allegations contained in Paragraphs 1
through 8, inclusive, are repeated and realleged as
though fully set forth herein.

62.  Defendant has violated Paragraph I.A.1 of the
Order by offering to Illini Welding Supplies, Inc.,
2100 North 8th Street, Pekin, Illinois 61554, a
contract or agreement for the purchase and sale of
oxygen, nitrogen, argon, and acetylene that did not
both have an initial term of one year or less and allow
either party to terminate such contract or agreement
annually upon giving no more than ninety days written
notice.  The contract or agreement was offered on or
about April 19, 1982.

COUNT XXVIII

63.  The allegations contained in Paragraphs 1
through 8, inclusive, are repeated and realleged as
though fully set forth herein.

64.  Defendant has violated Paragraph I.A.1 of the
Order by offering to Burnidge Oxygen Distributing Co.,
900 Swift Avenue, N. Kansas City, Missouri 64116, a
contract or agreement for the purchase and sale of
argon that did not both have an initial term of one
year or less and allow either party to terminate such
contract or agreement annually upon giving no more than
ninety days written notice.  The contract or agreement
was offered on or about April 11, 1984.

COUNT XXIX

65.   The allegations contained in Paragraphs 1 through 8, inclusive, are repeated and realleged as though fully set forth herein.

66.   Defendant has violated Paragraph I.A.1 of the Order by offering to Pennsylvania Welding Supply Company, 2510 Route 73, Cinnaminson, New Jersey 08077, a contract or agreement for the purchase and sale of oxygen, nitrogen, argon, acetylene, and helium that did not both have an initial term of one year or less and allow either party to terminate such contract or agreement annually upon giving no more than ninety days written notice.  The contract or agreement was offered on or about May 23, 1984.

COUNT XXX


67.  The allegations contained in Paragraphs 1
through 8, inclusive, are repeated and realleged as
though fully set forth herein.


68.  Defendant has violated Paragraph I.A.1 of the
Order by offering to Wyandotte Welding Supply, Inc.,
2025 Eureka Ave., Wyandotte, Michigan 48192, a contract
or agreement for the purchase and sale of oxygen that
did not both have an initial term of one year or less
and allow either party to terminate such contract or
agreement annually upon giving no more than ninety days
written notice.  The contract or agreement was offered
on or about August 1, 1984.

COUNT XXXI

69.  The allegations contained in Paragraphs 1
through 8, inclusive, are repeated and realleged as
though fully set forth herein.

70.  Defendant has violated Paragraph I.A.1 of the
Order by offering to ABCO Welding and Industrial Supply
Co., 130 Cross Road, Waterford, Connecticut 06385, a
contract or agreement for the purchase and sale of
argon that did not both have an initial term of one
year or less and allow either party to terminate such
contract or agreement annually upon giving no more than
ninety days written notice.  The contract or agreement
was offered on or about February 19, 1985.

COUNT XXXII

71.  The allegations contained in Paragraphs 1
through 8, inclusive, are repeated and realleged as
though fully set forth herein.

72.  Defendant has violated Paragraph I.A.1 of the
Order by offering to Arundel Sales & Service Co., 1625
Union Ave., Baltimore, Maryland 21211, a contract or
agreement for the purchase and sale of argon that did
not both have an initial term of one year or less and
allow either party to terminate such contract or
agreement annually upon giving no more than ninety days
written notice.  The contract or agreement was offered
on or about March 29, 1985.

COUNT XXXIII

73.   The allegations contained in Paragraphs 1
through 8, inclusive, are repeated and realleged as
though fully set forth herein.

74.   Defendant has violated Paragraph I.A.1 of the
Order by offering to Herr Welding Supply, Inc., 2635
Sycamore Street, Harrisburg, Pennsylvania 17111, a
contract or agreement for the purchase and sale of
argon that did not both have an initial term of one
year or less and allow either party to terminate such
contract or agreement annually upon giving no more than
ninety days written notice.  The contract or agreement
was offered on or about June 14, 1985.

COUNT XXXIV

75.  The allegations contained in Paragraphs 1
through 8, inclusive, are repeated and realleged as
though fully set forth herein.

76.  Defendant has violated Paragraph I.A.1 of the
Order by offering to Herr Welding Supply, Inc., 2635
Sycamore Street, Harrisburg, Pennsylvania 17111, a
contract or agreement for the purchase and sale of
oxygen that did not both have an initial term of one
year or less and allow either party to terminate such
contract or agreement annually upon giving no more than
ninety days written notice.  The contract or agreement
was offered on or about June 20, 1985.

COUNT XXXV

77.  The allegations contained in Paragraphs 1 through 8, inclusive, are repeated and realleged as though fully set forth herein.

78.  Defendant has violated Paragraph I.A.1 of the Order by offering to Griffis Oxygen Inc., 786 University Avenue, St. Paul, Minnesota 55104, a contract or agreement for the purchase and sale of argon, nitrogen, oxygen, and acetylene that did not both have an initial term of one year or less and allow either party to terminate such contract or agreement annually upon giving no more than ninety days written notice.  The contract or agreement was offered on or about August 22, 1985.

COUNT XXXVI

79.  The allegations contained in Paragraphs 1 through 8, inclusive, are repeated and realleged as though fully set forth herein.

80.  Defendant has violated Paragraph I.A.1 of the Order by offering to or entering with other independent distributors contracts or agreements for the purchase and sale of Industrial Gases that did not both have initial terms of one year or less and allow the distributors to terminate such contracts or agreements annually upon giving no more than ninety days written notice.  These contracts or agreements were offered from 1977 to the present time.

WHEREFORE PLAINTIFF PRAYS:

1.   That judgment be entered against defendant for violation of the Order stemming from defendant's use of long-term requirements contracts.

2.   That, for each Count I through XXV, each day of defendant's operating pursuant to such contract or agreement be adjudged and decreed a separate and continuing violation of the Commission's Order commencing on the date upon which the contract or agreement became effective and concluding on the date upon which the contract or agreement expired or was terminated.

3.   That, for Counts XXVI through XXXV, each of defendant's offers be adjudged and decreed a separate violation of the Commission's Order.

4.   That civil penalties in an appropriate amount under Section 5(l) of the Federal Trade Commission Act, 15 U.S.C. §45(l), be assessed against defendant.

5.   That equitable relief be awarded as the court may deem appropriate.

6.    That plaintiff be awarded costs and disbursements of this action and such other and further relief as the Court may deem just and proper.


Dated:  February   , 1987
        Washington, D.C.


JEFFREY I. ZUCKERMAN
Director

BARBARA A. CLARK
Deputy Director

ELLIOT FEINBERG
Assistant Director

DANIEL P. DUCORE
Deputy Assistant Director
Bureau of Competition
Federal Trade Commission
Washington, D.C. 20580

DANIEL L. WELLINGTON

STEVEN J. RURKA

ERIC D. ROHLCK
Attorneys
Bureau of Competition
Federal Trade Commission
Washington, D.C. 20580
Tel.  (202) 326-2687

ALFRED J. FERROGARI
Attorney
New York Regional Office
Federal Trade Commission
Suite 2243
26 Federal Plaza
New York, New York 10278
Tel: (212) 264-1200

ATTORNEYS FOR PLAINTIFF

MAR 18 1987

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

DOC # 3

U.S. DISTRICT COURT
FILED
MAR 18 1987
S. D. OF N.Y.

---

FEDERAL TRADE COMMISSION,

        Plaintiff,

     v.

UNION CARBIDE CORPORATION,

        Defendant.

---

) 
) 
) 
) 
) Civil Action No. 87-748 (RO)
) 
) 
) 
)

ANSWER OF DEFENDANT UNION CARBIDE CORPORATION
TO THE COMPLAINT

Defendant Union Carbide Corporation ("Union Carbide")
answers the Complaint herein as follows:

FIRST DEFENSE

With respect to the allegations set forth in the
relevant paragraphs of the Complaint:

1. Union Carbide admits that Plaintiff Federal Trade
Commission purports to bring this action under the statute cited
in paragraph 1, but denies that Plaintiff has a cause of action
against Defendant under that statute.

2. Union Carbide admits that this Court has subject
matter jurisdiction of this matter under the statutes cited in
paragraph 2.

3. Union Carbide admits the allegations of paragraph 3.

4.   Defendant admits that it is an industrial company in the United States engaged in the manufacture, distribution, and sale of petrochemicals, industrial gases, metal and carbon products, and technology services and specialty products, and further admits that its Linde Division is a domestic producer of industrial gases.  Defendant denies the remaining allegations of paragraph 4.

5.   Union Carbide admits the allegation of paragraph 5.

6.   Union Carbide admits the allegations of paragraph 6.

7.   Union Carbide admits that Paragraph I of the Order contains some of the language quoted in Paragraph 7 of the Complaint, but avers that the Order was amended on November 14, 1986, inter alia, to delete the words "or Welding Products" from the quoted paragraph.

8.   Union Carbide admits the allegations of the first sentence of paragraph 8.  Union Carbide denies the second sentence, avers that the Order was amended by Order of the Commission on November 14, 1986, and further avers that the remaining allegations consist of Plaintiff's legal characterization of the Order as to which no response is required.

9.   Union Carbide also re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

10.   Union Carbide denies the allegations of paragraph 10.  Union Carbide avers that, on or about February 4, 1981, it executed an amendment to its Linde Gas and Welding Products

- 2 -

Distributor Agreement (the "standard distributor agreement") relating to the sale of acetylene to Post Welding Supply Co., Box 10763, Birmingham, Alabama 35202.  Union Carbide further avers that, except as subsequently amended, the revisions made by the described amendment to the standard distributor agreement remain in effect.

11.  Union Carbide also re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

12.  Union Carbide denies the allegations of paragraph 12.  Union Carbide avers that, on or after October 12, 1981, it executed an amendment to its standard distributor agreement relating to the sale of oxygen, nitrogen, argon, and acetylene to Capital Welding Supply, 900 East Second Street, Little Rock, Arkansas 77201.  Union Carbide further avers that such amendment remained in effect until July, 1984.

13.  Union Carbide also re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

14.  Union Carbide denies the allegations of paragraph 14.  Union Carbide avers that, on or after June 7, 1983, it executed an amendment to its standard distributor agreement relating to the sale of acetylene to The Jimmie Jones Company, 31 North Peoria, Tulsa, Oklahoma  74120.  Union Carbide further avers that, except as subsequently amended, the revisions made by the

- 3 -

described amendment to the standard distributor agreement remain in effect.

16. Union Carbide also re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

16. Union Carbide denies the allegations of paragraph 16. Union Carbide avers that, on or about November 18, 1983, it executed an amendment to its standard distributor agreement relating to the sale of argon to Burnidge Welding Supply, Inc., Rural Route 1, Box 26B, Pittsburg, Kansas 66762. Union Carbide further avers that, except as subsequently amended, the revisions made by the described amendment to the standard distributor agreement remain in effect.

17. Union Carbide also re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

18. Union Carbide denies the allegations of paragraph 18. Union Carbide avers that, on or about October 1, 1984, it executed an amendment to its standard distributor agreement relating to the sale of argon to The Jimmie Jones Company, 31 North Peoria, Tulsa, Oklahoma 74120. Union Carbide further avers that, except as subsequently amended, the revisions made by the described amendment to the standard distributor agreement remain in effect.

19.   Union Carbide also re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

20.   Union Carbide denies the allegations of paragraph 20.  Union Carbide avers that, on or about March 28, 1983, it executed an amendment to its standard distributor agreement relating to the sale of acetylene to AAA Cylinder Gases, Inc., 910 South Roach Street, Jackson, Mississippi 39207.  Union Carbide further avers that such amendment remained in effect until January 31, 1986.

21.   Union Carbide also re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

22.   Union Carbide denies the allegations of paragraph 22.  Union Carbide avers that, on or about November 18, 1983, it executed an amendment to its standard distributor agreement relating to the sale of acetylene to Burnidge Welding Supply, Inc., Route 1, Box 26B, Pittsburg, Kansas 66762.  Union Carbide further avers that, except as subsequently amended, the revisions made by the described amendment to the standard distributor agreement remain in effect.

23.   Union Carbide also re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

24.   Union Carbide denies the allegations of paragraph 24.  Union Carbide avers that, on or after August 5, 1983, it

agreed to enter into an amendment to its standard distributor agreement relating to the sale of nitrogen, argon, and acetylene to Genesee Welding Supply, Inc., G-3312 South Dort Highway, Burton Michigan 48529. Union Carbide further avers that no such amendment was ever executed.

25. Union Carbide also re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

26. Union Carbide denies the allegations of paragraph 26. Union Carbide avers that, on or about July 21, 1983, an amendment was executed to its standard distributor agreement relating to the sale of acetylene to Coastal Welding Supply, Box 3029, Beaumont, Texas 77704. Union Carbide further avers that, except as subsequently amended, the revisions made by the described amendment to the standard distributor agreement remain in effect.

27. Union Carbide also re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

28. Union Carbide denies the allegations of paragraph 28. Union Carbide avers that, on or about September 30, 1983, it executed an amendment to its standard distributor agreement relating to the sale of acetylene to Mineweld Company of Indiana, Inc., 5430 West Morris Street, Indianapolis, Indiana 46241. Union Carbide further avers that, except as subsequently amended,

the revisions made by the described amendment to the standard distributor agreement remain in effect.

29.   Union Carbide also re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

30.   Union Carbide denies the allegations of paragraph 30.  Union Carbide avers that, on or about August 15, 1983, it executed an amendment to its standard distributor agreement relating to the sale of acetylene to Newkirk Sales Co., 306 Thorson, Waterloo, Iowa 50704.  Union Carbide further avers that such amendment remained in effect until September 1, 1985.

31.   Union Carbide also re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

32.   Union Carbide denies the allegations of paragraph 32.  Union Carbide avers that, on or about August 16, 1983, it executed an amendment to its standard distributor agreement relating to the sale of oxygen, nitrogen, argon, and acetylene to Louisiana Welding Supply Co., 1931 Plank Road, Baton Rouge, Louisiana 70802.  Union Carbide further avers that, except as subsequently amended, the revisions made by the described amendment to the standard distributor agreement remain in effect.

33.   Union Carbide also re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

34.  Union Carbide denies the allegations of paragraph 34.  Union Carbide avers that, on or about December 9, 1983, it executed an amendment to its standard distributor agreement relating to the sale of acetylene to Illini Welding Supplies, Inc., 2100 North Eighth Street, Pekin, Illinois 61554.  Union Carbide further avers that, except as subsequently amended, the revisions made by the described amendment to the standard distributor agreement remain in effect.

35.  Union Carbide also re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

36.  Union Carbide denies the allegations of paragraph 36.  Union Carbide avers that, on or about May 6, 1985, it executed an amendment to its standard distributor agreement relating to the sale of acetylene to R&R Welding Supply Co., 1700 Second Avenue, Des Moines, Iowa 50301.  Union Carbide further avers that such amendment remained in effect until June 1, 1985.

37.  Union Carbide also re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

38.  Union Carbide denies the allegations of paragraph 38.  Union Carbide avers that, on or about October 27, 1983, it executed an amendment to its standard distributor agreement relating to the sale of acetylene to Red Ball Oxygen Co., Inc., 609 North Market Street, Shreveport, Louisiana 71107.  Union

Carbide further avers that such amendment remained in effect until September 30, 1986.

39.   Union Carbide also re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

40.   Union Carbide denies the allegations of paragraph 40.  Union Carbide avers that, on or about October 1, 1983, it agreed to enter into an amendment to its standard distributor agreement relating to the sale of oxygen, nitrogen, argon, and acetylene to United Welding Supply Company, 24 River Street, Amsterdam, New York 12010.  Union Carbide further avers that no such amendment was ever executed.

41.   Union Carbide also re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

42.   Union Carbide denies the allegations of paragraph 42.  Union Carbide avers that, on or about June 1, 1984, it executed an amendment to its standard distributor agreement relating to the sale of acetylene to Alamo Welding Supply Co., 1735 South Alamo, San Antonio, Texas 78204.  Union Carbide further avers that, except as subsequently amended, the revisions made by the described amendment to the standard distributor agreement remain in effect.

43.   Union Carbide also re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

44.   Union Carbide denies the allegations of paragraph 44.  Union Carbide avers that, on or about January 4, 1984, it agreed to enter into an amendment to its standard distributor agreement relating to the sale of acetylene, nitrogen, argon, and helium to Welders Needs, Inc., 1219 Expressway Drive, North, Toledo, Ohio 43608.  Union Carbide further avers that no such amendment was ever executed.

45.   Union Carbide also re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

46.   Union Carbide denies the allegations of paragraph 46.  Union Carbide avers that, on or about January 17, 1984, it agreed to amend its standard distributor agreement relating to the sale of acetylene to Guttman Welding Supply Co., 200 Speers Road, Belle Vernon, Pennsylvania 15012.  Union Carbide further avers that no such amendment was ever executed.

47.   Union Carbide also re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

48.   Union Carbide denies the allegations of paragraph 48.  Union Carbide avers that, on or about June 26, 1984, it executed an amendment to its standard distributor agreement relating to the sale of acetylene to Greene Welding Supply, 2707 Newcombe Street, Monroe, Louisiana 71201.  Union Carbide further avers that, except as subsequently amended, the revisions made by

the described amendment to the standard distributor agreement remain in effect.

49.  Union Carbide also re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

50.  Union Carbide denies the allegations of paragraph 50.  Union Carbide avers that, on or about July 31, 1984, it executed an amendment to its standard distributor agreement relating to the sale of argon to Wilson Oxygen Company, 150 East Ben White Boulevard, Austin, Texas 78704.  Union Carbide further avers that, except as subsequently amended, the revisions made by the described amendment to the standard distributor agreement remain in effect.

51.  Union Carbide also re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

52.  Union Carbide denies the allegations of paragraph 52.  Union Carbide avers that, on or after November 15, 1984, it executed an amendment to its standard distributor agreement relating to the sale of argon to Grand Rapids Welding Supply Co., 1225 Buchanan Avenue, S.W., Grand Rapids, Michigan 49507.  Union Carbide further avers that, except as subsequently amended, the revisions made by the described amendment to the standard distributor agreement remain in effect.

53.  Union Carbide also re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

54.  Union Carbide denies the allegations of paragraph 54.  Union Carbide avers that, on or about January 9, 1985, it executed an amendment to its standard distributor contract relating to the sale of acetylene to Standard Welders Supply Co., 363 Walnut Street, Memphis, Tennessee.  Union Carbide further avers that, except as subsequently amended, the revisions made by the described amendment to the standard distributor agreement remain in effect.

55.  Union Carbide also re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

56.  Union Carbide denies the allegations of paragraph 56.  Union Carbide avers that, on or about February 13, 1985, it executed an amendment to its standard distributor agreement relating to the sale of acetylene to Bennett Welding Supply Corporation, 9200 Gage Avenue, Franklin Park, Illinois 60131. Union Carbide further avers that such amendment remained in effect until September 1, 1986.

57.  Union Carbide also re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

58.  Union Carbide denies the allegations of paragraph 58.  Union Carbide avers that, on or about March 1, 1985, it

revised its proposed amendment to its standard distributor agreement with United Welding Supply Company, 24 River Street, Amsterdam, New York 12010. Union Carbide re-alleges its averment in paragraph 40 of this Answer that no such amendment was ever executed.

59. Union Carbide re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

60. Union Carbide denies the allegations of paragraph 60. Union Carbide avers that, in or about 1982, it submitted a proposal to amend its standard distributor agreement relating to the sale of acetylene to Lake Welding Supply Company, 363 Ottawa Street, Muskegon, Michigan 49443.

61. Union Carbide re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

62. Union Carbide denies the allegations of paragraph 62. Union Carbide avers that, on or about April 19, 1982, it submitted a proposal to amend its standard distributor agreement relating to the sale of oxygen, nitrogen, argon, and acetylene to Illini Welding Supplies, Inc., 2100 North Eighth Street, Pekin, Illinois 61554.

63. Union Carbide re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

64. Union Carbide denies the allegations of paragraph 64. Union Carbide avers that, on or about April 11, 1984, it

submitted a proposal to amend its standard distributor agreement relating to the sale of argon to Burnidge Oxygen Distributing Co., 900 Swift Avenue, North, Kansas City, Missouri 64116.

65. Union Carbide re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

66. Union Carbide denies the allegations of paragraph 66. Union Carbide avers that, on or about May 23, 1984, it submitted a proposal to amend its standard distributor agreement relating to the sale of oxygen, nitrogen, argon, acetylene, and helium to Pennsylvania Welding Supply Company, 2510 Route 73, Cinnaminson, New Jersey 08077.

67. Union Carbide re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

68. Union Carbide denies the allegations of paragraph 68. Union Carbide avers that, on or about August 1, 1984, it submitted a proposal to amend its standard distributor agreement relating to the sale of oxygen to Wyandotte Welding Supply, Inc., 2025 Eureka Avenue, Wyandotte, Michigan 48192.

69. Union Carbide re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

70. Union Carbide denies the allegations of paragraph 70. Union Carbide avers that, on or about February 20, 1985, it submitted a proposal to amend its standard distributor agreement

relating to the sale of argon to ABCO Welding and Industrial Supply Co., 130 Cross Road, Waterford, Connecticut 06385.

71.   Union Carbide re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

72.   Union Carbide denies the allegations of paragraph 72. Union Carbide avers that, on or about March 29, 1985, it submitted a proposal to amend its standard distributor agreement relating to the sale of argon to Arundel Sales & Service Co., 1625 Union Avenue, Baltimore, Maryland 21211.

73.   Union Carbide re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

74.   Union Carbide denies the allegations of paragraph 74.  Union Carbide avers that, on or about June 14, 1985, it submitted a proposal to amend its standard distributor agreement relating to the sale of argon to Herr Welding Supply, Inc., 2635 Sycamore Street, Harrisburg, Pennsylvania 17111.

75.   Union Carbide re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

76.   Union Carbide denies the allegations of paragraph 76.  Union Carbide avers that, on or about June 20, 1985, it submitted a proposal to amend its standard distributor agreement relating to the sale of oxygen to Herr Welding Supply, Inc., 2635 Sycamore Street, Harrisburg, Pennsylvania 17111.

77.   Union Carbide re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

78.   Union Carbide denies the allegations of paragraph 78.  Union Carbide avers that, on or about August 22, 1985, it submitted a proposal to amend its standard distributor agreement relating to the sale of argon, nitrogen, oxygen, and acetylene to Griffis Oxygen Inc., 786 University Avenue, St. Paul, Minnesota 55104.

79.   Union Carbide re-alleges and incorporates by reference paragraphs 1-8 of this Answer as though fully set forth in this paragraph.

80.   Union Carbide denies the allegations of paragraph 80.


### SECOND DEFENSE

The Complaint, and each Count thereof, fails to state a claim upon which relief can be granted.


### THIRD DEFENSE

Defendant Union Carbide's standard distributor agreement, entered into with each of the distributors identified in the Complaint, provides for an initial term of one year and provides for termination by the distributor effective on any anniversary date upon at least 90 days' notice prior to such anniversary date.  Both the one-year initial term of Union Carbide's standard distributor agreement and the distributor's

- 16 -

right thereunder to terminate effective on any anniversary date upon at least 90 days' notice prior to such anniversary date continued in effect for each distributor identified in the Complaint.

## FOURTH DEFENSE

Defendant Union Carbide unilaterally eliminated any requirement on the part of any distributor identified in the Complaint to pay a cancellation or termination charge in relation to any amendment or proposed amendment to Union Carbide's standard distributor agreement.

WHEREFORE, defendant Union Carbide prays that the Complaint herein be dismissed with prejudice, that Union Carbide be awarded its costs and attorneys' fees, and that Union Carbide have such further relief as the Court deems just and proper.

Date: March 17, 1987                    Respectfully submitted,

_____               _____
Robert E. Crotty                        Willis B. Snell
Kelley Drye & Warren
101 Park Avenue
New York, New York  10178               _____
(212) 808-7800                          Donald I. Baker

                                        _____
                                        Glen S. Howard

                                        _____
                                        W. Todd Miller

Of Counsel:

David H. Chaifetz                       SUTHERLAND, ASBILL & BRENNAN
  Assistant General Counsel             1666 K Street, N.W., Suite 800
William F. McClure, Jr.                  Washington, D.C.  20006-2803
  Group Counsel                         (202) 872-7800
Union Carbide Corporation
39 Old Ridgebury Road
Danbury, Connecticut  06817-0001
                                             Attorneys for
                                        Union Carbide Corporation

- 18 -

<u>CERTIFICATE OF SERVICE</u>

    I, Robert E. Crotty, certify that I caused a true copy of the foreging Answer of Defendant Union Carbide Corporation To The Complaint to be mailed via regular mail to:

> Daniel P. Ducore, Esq.
> Deputy Assistant Director
> Bureau of Competition
> Federal Trade Commission
> Washington, D.C. 20580
>
> Elliot Feinberg, Esq.
> Assistant Director
> Bureau of Competition
> Federal Trade Commission
> Washington, D.C. 20580

in a sealed postage-paid envelope on the 17th day of March, 1987.

                        ROBERT E. CROTTY

RECEIVED
1987 MAR 17 P 5:09
U.S. DIST. COURT S.D.N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Civil Action No. 87-748 (RO)

_____

RECEIVED

1987 MAR 17 P 5:08

U.S. DIST. COURT S.D.N.Y.

FEDERAL TRADE COMMISSION,

                Plaintiff,

   - against -

UNION CARBIDE CORPORATION,

                Defendant.

_____

ANSWER OF DEFENDANT UNION CARBIDE
  CORPORATION TO THE COMPLAINT

_____

Robert E. Crotty        Willis B. Snell
KELLEY DRYE & WARREN    Donald I. Baker
101 Park Avenue         Glen S. Howard
New York, New York 10178  W. Todd Miller
(212) 808-7800

                      SUTHERLAND, ASBILL & BRENNAN
                      1666 K Street, N.W., Suite 800
                      Washington, DC 20006-2803
                      (202) 872-7800

Of Counsel:

David H. Chaifetz
  Assistant General Counsel
William F. McClure, Jr.
  Group Counsel
UNION CARBIDE CORPORATION
39 Old Ridgebury Road
Danbury, Connecticut 06817-0001