UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>SEVEN & I HOLDINGS CO., LTD.<br><br>7-ELEVEN, INC.<br><br>Defendants. | Civil Action No. 23-cv-03600<br><br>(RDM) Judge Randolph D. Moss |

**RULE 26(f) REPORT OF THE PARTIES**

In accordance with Federal Rule of Civil Procedure 26(f), Local Rule 16.3(c), and the Court's June 13, 2025, Order, counsel for the Parties conferred several times, and submit the following report of their meeting for the Court's consideration:

**Brief statement of the case and the statutory basis for all causes of actions and defenses.**

In 2018, the Parties entered into a consent agreement concerning 7-Eleven, Inc.'s ("7-Eleven") proposed acquisition of convenience stores and associated gas stations, resulting in issuance of the Consent Order. The Consent Order required 7-Eleven to notify Plaintiff of certain future acquisitions of various fuel outlets before consummating them. In December 2018, 7-Eleven began leasing one of those fuel outlets in St. Petersburg, Florida and failed to provide Plaintiff with prior notice as required under the Consent Order. Upon discovering this mistake, 7-Eleven self-reported the lease to Plaintiff in March 2022. 7-Eleven divested the lease to a third party on March 2, 2023. Plaintiff brings this

action under Sections 5(*l*) and 16(a)(1) of the FTC Act, 15 U.S.C. §§ 45(*l*) and 56(a)(1). Defendants' defenses include, but are not limited to, Plaintiff's failure to state a claim, Plaintiff's lack of authority, that granting relief would be inequitable and contrary to the public interest, good faith, and laches.

<u>Plaintiff's position on remedy</u>: Plaintiff seeks a penalty in an amount appropriate in light of 7-Eleven's violation of a straightforward provision of the Consent Order within months of agreeing to it, failure to implement any semblance of corporate controls to ensure compliance with the prior notice provision, removal of a competitor from the market, repeated false certifications of compliance, and millions of dollars in profit from the violation, as well as injunctive relief, and costs. Due to the passage of time between December 2018 and March 2022 and the annual adjustment of civil penalties for inflation, the maximum possible civil penalty now stands at over $80 million.

<u>Defendants' position on remedy</u>: Plaintiff's proposed civil penalty is unprecedented. 7-Eleven unknowingly and unintentionally leased the fuel outlet in St. Petersburg at issue. Upon discovering this mistake as part of its proactive efforts to improve internal compliance, 7-Eleven expeditiously self-reported the lease to Plaintiff in March 2022. 7-Eleven divested the lease to a third party on March 2, 2023, at a financial loss to a buyer that Plaintiff approved of. There is no evidence of bad faith by 7-Eleven and Plaintiff's proposed civil penalty is out of line with prior precedent.

1. **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

<u>Plaintiff's position:</u> Defendants' motion to dismiss has been denied and discovery should proceed.

<u>Defendants' position:</u> Defendants are considering whether early briefing regarding whether there was a continuing violation is appropriate. A determination that there was a single violation would require no discovery and would likely lead to a speedy disposition of the case.

2. **The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The Parties agree that no change from the default rules regarding joinder of parties or amendment of pleadings is needed. Defendants are willing to stipulate that a violation of the Consent Order occurred; thus, the sole issue for the Court will be calculation of appropriate civil penalties.

3. **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The Parties agree that the case should not be assigned to a magistrate judge.

4. **Whether there is a realistic possibility of settling the case.**

The Parties do not believe there is a realistic possibility of settling the case prior to discovery, but both sides remain open to receiving settlement offers.

5. **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures.**

The Parties agree the case would not benefit from the Court's ADR procedures.

6. **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

*See* above response to Question 1 regarding Defendants' potential briefing on continuing violations and the Parties' proposal for a case schedule, attached as Exhibit A.

7. **Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

Plaintiff's position: Plaintiff served its initial disclosures on February 20, 2024.

Defendants' position: Defendants served their Initial Disclosures contemporaneously with this filing.

8. **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The Parties agree that a protective order will be appropriate when discovery commences. Defendants have agreed to provide a draft protective order for Plaintiff's consideration.

*See* Exhibit A setting forth the Parties' proposal for a case schedule.

Plaintiff's position: No change to the limits on discovery set forth in the Federal Rules, except the number of fact depositions should be increased to fifteen fact depositions per side. The increase is justified because this case may require discovery and depositions from Japanese witnesses, e.g., employees of Defendant Seven & i, potentially requiring special procedures for foreign depositions. Defendant Seven & i separately signed the agreement to obey the Consent Order and agreed to this Court's jurisdiction. Whether it took any steps to ensure compliance with the Consent Order to which it is a party will bear on the question of bad faith in the calculation of penalties. In addition, discovery of communications and work product of Defendants' counsel may be at issue given that Defendants' false certifications to the FTC were executed by counsel and counsel's efforts or lack of efforts to educate Defendants' employees on how to comply with the Consent Order (including a memorandum prepared by outside counsel that was distributed to certain employees) will be at issue in this case.

Defendants' position: Defendants do not believe that there is any basis to expand the limits set forth in the Federal Rules based on the narrow claim at issue in this case. Defendants propose the following: 5 depositions per side, 20 interrogatories per side, 20 requests for production of documents per side, and 20 requests for admission per side. Defendants have already produced materials in response to the FTC's Civil Investigative Demand. Nothing in those materials reflects any involvement on the part of Seven & i Holdings. After reasonable investigation, Defendants do not believe there is any relevant information in the possession, custody, or control of Seven & i Holdings.

4

Defendants further believe that any discovery from Seven & i Holdings would not be proportional to the needs of the case. At a minimum, Defendants believe the FTC should seek information from 7-Eleven and establish that such information is not sufficient before any discovery may be sought from Seven & i Holdings.

Defendants plan to withhold responsive documents protected by the attorney client privilege, work product doctrine, or any other applicable privilege.

9. **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

Plaintiff's position: Defendants should ensure compliance with any document preservation obligations, including preservation of materials that might otherwise be subject to automatic deletion as a result of the operation of ephemeral messaging applications or document retention policies. Given Defendants' position about the relevance of Defendant Seven & i to this matter, Defendants should confirm that Defendant Seven & i has been complying with all preservation obligations. Relevant documents may have been created going back to 2016. Plaintiff will continue to comply with its document preservation obligations.

Defendants' position: Plaintiff should ensure compliance with its document preservation obligations, including preservation of materials that might otherwise be subject to automatic deletion as a result of the operation of ephemeral messaging applications or document retention policies. Defendants will continue to comply with their document preservation obligations.

The Parties will work together to develop a draft ESI protocol for the Court's consideration.

10. **Any issues about claims of privilege or of protection as trial-preparation materials, including- if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

This issue is addressed above with regard to potential claims of privilege in discovery. The Parties expect to agree to reasonable procedures, including a Rule 502 order, relating to the inadvertent disclosure of privileged materials.

11. **Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified, and whether and when depositions of experts should occur.**

    *See* Exhibit A setting forth the Parties' proposal for a case schedule.

12. **In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

    N/A.

13. **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

    The Parties agree that trial and/or discovery should not be bifurcated or phased.

14. **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

    *See* Exhibit A setting forth the Parties' proposal for a case schedule.

15. **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

    *See* Exhibit A setting forth the Parties' proposal for a case schedule.

16. **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

    N/A.

17. **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including when initial disclosures will be made.**

    *See* above response to Question 7.

**18. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

For when discovery should be completed, *see* Exhibit A. For whether discovery should be conducted in phases or be limited to or focused on particular issues, *see* above response to Question 13.

<u>Plaintiff's position:</u> Discovery will be needed on each Defendant's negotiation of and efforts to comply with the Consent Order; 7-Eleven's site leasing and acquisition operations, including but not limited to the acquisition of the St. Petersburg Outlet; the effect of the acquisition of the St. Petersburg Outlet on other nearby outlets relative to appropriate benchmarks, including sales volumes and pricing; the benefits to 7-Eleven of the acquisition and subsequent sale of the St. Petersburg Outlet; the circumstances surrounding the submission of Compliance Reports falsely certifying compliance with the Consent Order; and whether any other violations of the Consent Order have occurred.

<u>Defendants' position:</u> Discovery will be needed on Plaintiff's investigation of Defendants, Plaintiff's previous enforcement actions of self-reported violations, Plaintiff's previous enforcement actions, and Plaintiff's calculation of the proposed civil penalty.

**19. Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

*See* above response to Question 8.

Dated: July 9, 2025

Respectfully submitted,

<u>/s/ Laura R. Hall</u>
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, N.W.
Washington, DC 20580
(202) 326-3282
lhall1@ftc.gov

Maribeth Petrizzi (D.C. Bar 435204)
Assistant Director

Eric D. Rohlck (D.C. Bar 419660)
Deputy Assistant Director

Sebastian Lorigo
Angelike A. Mina

*Attorneys for Plaintiff Federal Trade Commission*


/s/ Debra R. Belott
Debra R. Belott (D.C. Bar 993507)
John M. Majoras (D.C. Bar 474267)
Jones Day
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
Phone: (202) 879-3939
dbelott@jonesday.com
jmmajoras@jonesday.com

*Counsel for Defendants Seven & i Holdings, Ltd. & 7-Eleven, Inc.*

Corey W. Roush
Sidley Austin LLP
1501 K Street, N.W.
Washington, DC 20005
Phone: (202) 736-8624
Corey.roush@sidley.com

Brian Rafkin
Akin Gump Strauss Hauer & Feld LLP Robert S. Strauss Tower
2001 K Street, N.W. Washington, DC 20006-103
Phone: (202) 887-4115
brafkin@akingump.com

*Attorneys for Defendant 7-Eleven, Inc.*

**EXHIBIT A**

| Event | Deadline |
|---|---|
| Deadline to Add Parties/Amend Pleadings | 21 days after service of last answer or with Court's leave |
| Parties to File Joint or Competing ESI Protocol and Protective Order | July 31, 2025 |
| Deadline for Serving Written Discovery Requests | August 15, 2025 |
| Close of Fact Discovery (Including All Responses and Productions in Response to Written Discovery Requests) | November 17, 2025 |
| Plaintiff's Expert Disclosures (incl. reports) | December 15, 2025 |
| Defendants' Expert Disclosures (incl. reports) | January 30, 2026 |
| Plaintiff's Rebuttal Expert Disclosures (incl. reports) | March 16, 2026 |
| Close of Expert Discovery | April 1, 2026 |
| Pre-MSJ Request for Conference Due (Judge Moss Stdg. Order para. 10) | April 15, 2026 |
| Responses to Pre-MSJ Request for Conference Due | April 22, 2026 |
| Pretrial Conference | July 6, 2026 (anticipating that at the conference, trial will be set 30 to 60 days later per LCvR 16.3(c)(15)) |