# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION
             Plaintiff,
    v.

SEVEN & I HOLDINGS CO., LTD., and
7-ELEVEN, INC.

             Defendants.

Civil Action No. 1:23-cv-03600-RDM

## MOTION FOR ENTRY OF STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND CIVIL PENALTY

Plaintiff Federal Trade Commission ("Plaintiff"), having filed its Complaint in the above-captioned case, and having filed on this date a Stipulated Final Judgment and Order for Permanent Injunction and Civil Penalty ("Stipulated Order"), respectfully requests the Court to enter the Stipulated Order against Defendants Seven & I Holdings Co., Ltd. and 7-Eleven, Inc. ("Defendants"), which would fully resolve this litigation.[1]   By agreement of the parties, the Stipulated Order provides for the payment by Defendants of civil penalties in the amount of $4,500,000 and imposes additional injunctive relief.  The Commission has conferred with Defendants regarding this motion and Defendants consent to the request for the Court to enter the

---

[1] Settlement of this proceeding is not subject to the notification requirements of the Antitrust Procedures and Penalties Act ("Tunney Act"), 15 U.S.C. § 16(b)-(h), because this is not a civil proceeding brought by or on behalf of the United States under the antitrust laws. *See, e.g., Federal Trade Commission v. Onkyo U.S.A. Corp.*, 1995-2 Trade Cas. (CCH) P7l,111, 1995 U.S. Dist. LEXIS 21222, (D.D.C. 1995) at *5, n.2. *See also* Order at 1-2, *Federal Trade Commission v. Star Pipe Products, Ltd.*, Civ. No. 16-0755, (D.D.C. May 12, 2016).

Stipulated Order.

## BACKGROUND

The Commission filed this action pursuant Sections 5(*l*) and 16(a)(1) of the Federal Trade Commission Act, 15 U.S.C. §§ 45(*l*) and 56(a)(1), to seek relief for violation of its final administrative order.  As alleged in the Complaint, Defendants violated the Commission's Decision and Order issued in Docket No. C-4641 ("FTC Order") by acquiring a certain retail fuel outlet in St. Petersburg, Florida without notifying the Commission and providing the required information relating to such notice.  Following initiation of the present action in this Court, Defendants and the Commission reached a settlement of the Complaint allegations for civil penalties and additional injunctive relief.

## STATEMENT OF POINTS AND AUTHORITIES

Sections 5(*l*) and 16(a)(1) of the FTC Act, 15 U.S.C. §45(l) and 56(a)(1), authorize the Commission to seek civil penalties for violations of Federal Trade Commission orders.[2] Accordingly, the Commission's Complaint seeks "an appropriate civil penalty amount" and "appropriate injunctive relief."  As the Stipulated Order indicates, Defendants have agreed to pay a civil penalty of $4,500,000, payable within 30 days after entry of the Stipulated Order. Defendants have also consented to reopening and modifying the FTC Order to augment certain prior approval and prior notice requirements specific to the St. Peterburg, Florida area at the

---

[2] Under Section 5(*l*) of the FTC Act and the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Pub. L. 114-74, § 701 (further amending the Federal Civil Penalties Inflation Adjustment Act of 1990), violations of final Commission orders subject respondents to a potential civil penalty, assessed in 2023, of up to $50,120 for each violation. See also 88 Fed. Reg. 1499 (January 11, 2023). The Complaint alleges a violation period running through March 2, 2023.  For continuing violations, each day is a separate violation.

center of the alleged order violation.  Defendants, having since divested the St. Petersburg retail

fuel outlet, agree to seek prior Commission approval before reacquiring any interest in the St.

Petersburg retail fuel outlet and to provide prior notice to the Commission before acquiring any

interest in another retail fuel outlet that opened in the same area.

The Stipulated Order is fair, adequate, reasonable, and appropriate under the particular

facts; and it accords with the public interest. *See Citizens for a Better Env't v. Gorsuch*, 718 F.2d

1117, 1126 (D.C. Cir. 1983); *United States v. Facebook, Inc.*, 456 F. Supp.3d 115, 121 (D.D.C.

2020); *SEC v. Hitachi, Ltd.*, No. 1:15-cv-01573 (CKK), 2015 WL 7566666, at *2-3 (D.D.C. Nov.

24, 2015); *United States v. Wells Fargo Bank, NA*, 891 F. Supp.2d 143, 144-45 (D.D.C. 2012).  A

$4.5 million civil penalty is an appropriate amount.  It deprives Defendants of the benefit they

may have gained as a result of its acquisition of the St. Petersburg retail fuel outlet.[3]  It exceeds an

amount that can be considered merely a license fee or an acceptable cost of doing business.

*United States v. ITT Continental Baking Co.*, 420 U.S. 223 (1975) at 231 (stating that "[t]he

legislative history also makes clear that Congress was concerned with avoiding a situation in

which the statutory penalty would be regarded by potential violators of FTC orders as nothing

more than an acceptable cost of violation, rather than as a deterrence to violation.").

This penalty will serve the desired deterrent effect by signaling to Defendants, and other

respondents to Commission orders, that the Commission requires compliance with its orders, and

violations of Commission orders carry serious consequences.  The modifications to the FTC

Order will serve to preserve competition in the St. Petersburg remedial market.  The Stipulated

---

[3] Document 41, Defendants' Seven & i Holdings Co., Ltd. and 7-Eleven, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint at ¶ 6.

Order will demonstrate the Commission's commitment to monitoring compliance with its orders, as well as the Commission's resolve to enforce its orders when respondents fail to comply.  In addition, entry of the proposed Stipulated Order is in the public interest because it will vindicate the authority of the Commission and the rule of law.

For the above reasons, the Federal Trade Commission respectfully requests that the Court enter the attached Stipulated Order in this case.

Dated: December 8, 2025

Daniel S. Guarnera
*Director*
*Bureau of Competition*

David Shaw
*Principal Deputy Director*
*Bureau of Competition*

Respectfully submitted,

*/s/ Laura R. Hall*
Laura R. Hall
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, N.W.
Washington, DC 20580
(202) 326-3282
lhall1@ftc.gov

Maribeth Petrizzi (D.C. Bar 435204)
Assistant Director

Eric D. Rohlck (D.C. Bar 419660)
Deputy Assistant Director

Sebastian Lorigo
Angelike A. Mina

*Attorneys for Plaintiff*
*Federal Trade Commission*

,

4